ROSA GOMEZ, wife of P. E. BARBE, *v.* M. COURCELLE.

The decision in *Alexander* v. *Jacobs*, 5 M. 682, was made before the adoption of the Code of Practice, and is not law now. The Code of Practice (arts. 68, 69,) not only defines the hypothecary action, but declares under what circumstances it may be enforced, and no where is it laid down that when mortgaged property has been seized and sold, the mortgagee, before proceeding against the third possessor, must first bring suit against the seizing creditor to obtain payment out of the proceeds of the object he has sold

It is not necessary before proceeding against the third possessor of mortgaged property, for the hypothecary creditor to shew that a *fi. fa.* has been sued out against the debtor and a return of *nulla bona* made.

The law accords priority to the oldest mortgage, and a sale under a younger tacit mortgage does not defeat the older. The property affected passes *cum onore*, and the vendee receives it burthened with its prior incumbrance.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *Price & Denegre*, for plaintiff. *Seghers*, for defendant and appellant.

CAMPBELL, J. This is an hypothecary action, instituted by *Rosa Gomez*, with the assistance of her husband *P. E. Barbe*, on a judgment in her favor for twelve hundred and ninety-two dollars and interest, rendered against her father, in his capacity as tutor, in November, 1851.

Having in vain demanded payment of her judgment from her father, she now seeks to subject to her tacit mortgage a lot of ground in the possession of the defendant, *M. Courcelle.* This lot is situated on Dumain, between Robertson and Claiborne streets, and is part of a larger lot purchased by her tutor, *Joseph F. Gomez*, from the corporation of New Orleans, August 31, 1829.

It may here be premised that *Gomez* was married to the mother of plaintiff in April, 1828, who died in 1830, leaving the plaintiff, sole issue of her marriage.

In August, 1833, *Gomez* was appointed tutor of plaintiff, and in this capacity received for her, from the succession of *Jacques Guesnon* the sum of twelve hundred and ninety-two dollars, which sum, thus received, was the basis of the judgment against her tutor, on which this action is founded.

To the demand of plaintiff, defendant pleads the general denial, and in further defence urges, 1st. That having purchased the lot described from one *Blois*, who acquired it at a Sheriff's sale made to satisfy a tacit mortgage— that the same property cannot be subjected to another tacit mortgage, until the judgment, under which the sale was made shall first have been annulled by a direct action. 2d. That this action cannot be maintained, inasmuch as no *fieri facias* was ever issued and no return of *nulla bona* was ever made in the suit of the present plaintiff against *Gomez*, in which her tacit mortgage was recognized; and 3d. That the debtor, *Gomez*, owns other property which should first be discussed.

Defendant likewise pleads, as a peremptory exception to plaintiff's demand, that his rights against the mortgaged property in his possession cannot be enforced until he shall first have brought suit against *Thomas Blois*, to make him refund the proceeds of the sale in the case of *Blois* v. *Roux*. This exception is based on the ruling of the Court in the case of *Alexander* v. *Jacobs*, 5 M., 632. This decision was made long before the adoption of the Code of Practice, and in our opinion the rule is not applicable to the case now before us. The Code of Practice, in articles 68 and 69 not only defines this hypothecary action, but declares under what circumstances it may be enforced, and no where do we find it laid down that when mortgaged property has been seized and sold the mortgagee, before proceeding against the third possessor, must first bring suit against the seizing creditor to obtain judgment out of the proceeds of the object by him sold. See art. 16 C. P. 708, 9, 10 et seq.

This practice, so far as we are apprized, has never prevailed since the adoption of the Code.

We will next proceed to consider those objections urged in the answers, and 1st. That no *fi. fa.* or return of *nulla bona*, has been exhibited.

Although this point is urged with much earnestness by counsel, we are aware of no rule of law which renders it necessary. To maintain the hypothecary action it is sufficient that amicable demand of the hypothecary debt be made of the debtor for thirty days, and that the third possessor be notified ten days of such demand. Code of Practice, art. 69. The record discloses that this requirement has, in both respects, been fully complied with.

As regards that part of the defence in which defendant, as vendee of *Blois*, contends that the property cannot be subjected to the tacit mortgage of plaintiff until the judgment, in the case of *Blois* v. *Gomez*, shall first have been annulled, it is only necessary to state, that the legal mortgage in favor of plaintiff attached in August, 1833, *Gomez*, her tutor, being then the owner of the property. That in favor of *Blois* in 1841, *Gomez* having on the 20th September of that year sold the same property to *Roux*, who at that time was tutor to the minor *Thomas Blois*, by means of which tutorship the second tacit mortgage attached. Thus both tacit mortgages attached to the same property. But the law accords priority to the oldest mortgage. A sale under the younger does therefore defeat the older mortgage. The property affected passed *cum onore*, and the vendee received it burthened with its prior incumbrances.

GOMEZ
*v.*
COURCELLE.

It is further urged that, in 1833, *Gomez*, the hypothecary debtor, purchased a lot of ground on Mysterious street, which is subject to plaintiff's mortgage; and likewise that he acquired in 1829, by purchase from the city of New Orleans, a lot of ground adjacent to that owned by himself, the title to which never has been divested by a decree of any competent Court; wherefore he claims that these lots be first discussed.

This demand is made under the provisions of art. 715 of the Code of Practice, which provides that, "the purchaser against whom a suit is commenced by a creditor having a legal or judicial mortgage on the property of the debtor sued, may require the creditor to discuss the other property which the debtor has in his possession, and even that which he has alienated since the purchase, because the creditor who has a general mortgage can only act against the property of which his debtor has disposed, in the order in which the alienations have been made, beginning at the most recent and ascending to the most ancient."

It may here be remarked that the record, in the matter of the succession of *Rosa Guesnon*, mother of plaintiff, and the record of the suit for partition between *Blois* and *Gomez*, though offered in evidence in the Court below, form no part of the transcript, they having been mislaid since the trial.

To supply this defect, the parties have agreed that the statements of facts contained in their briefs are true. Page 4 of plaintiff's printed brief contains the following statement: "As to the lot of ground situated on Dumain street, and adjoining the defendant's property, this Court decreed the same to be the property of the present plaintiff, by inheritance from her mother, *Rosa B. Guesnon*, the said portion being her share in the community property acquired during her marriage with *Gomez*." This admission alone, we would regard conclusive on this point of the case; but it is proper to observe, that defendant in his printed argument asserts that *Gomez* is yet the *legal* possessor of the lot to which, it is contended, the tacit mortgage of plaintiff attaches, inasmuch as he never has *sold* it; which he maintains is the true meaning of the word "alienation," used in article 715 of the Code of Practice. We regard this as a mere deduction of counsel and not the assertion of specific fact, and must, therefore, under the agreement, give to the statement of plaintiff's counsel above quoted, the effect of an established fact. The opinion at which we have arrived, viz: that the lot in question was owned by plaintiff and by her inherited from her deceased mother, is strengthened by the record, which discloses that it was brought by her as dowry in marriage, and was subsequently, in conformity with a judgment of the Third District Court, rendered on article 2341 of the Civil Code, sold as her property.

This lot, then, was never affected by plaintiff's mortgage, and we have seen that the lot acquired from *Guesnon Brothers* was alienated by *Gomez* long before the purchase of *Blois*, defendant's vendor. *Gomez*, the hypothecary debtor, having failed to pay the judgment of plaintiff, and the lot in defendant's possession being the last property disposed of by him, suit was properly brought to subject it to the tacit mortgage of plaintiff.

The conclusion to which we have arrived on the facts disclosed by the record above detailed, renders it unnecessary for us to decide upon the effect of the failure of defendant to furnish a sum sufficient to pay the costs of discussion.

Judgment affirmed.